UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAYDON LEE CROWE,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF FISH AND GAME, AARON WRIGHT, AND J. JONES,<br><br>    Defendants. | Case No. 3:24-cv-00544-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I.    INTRODUCTION

Pending before the Court is Plaintiff Jaydon Lee Crowe's In Forma Pauperis Application (Dkt. 1) and Complaint (Dkt. 2). Pursuant to 28 U.S.C. § 1915, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time, this Court must review Crowe's request to determine whether he is entitled to proceed in forma pauperis. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Crowe's Complaint to ensure it meets minimum required standards. *See* 18 U.S.C. § 1915(e)(2).

For the reasons below, the Court grants Crowe's In Forma Pauperis Application and waives the filing fee. Additionally, the Court will allow Crowe to proceed with his complaint.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court grants Crowe's application to proceed in forma pauperis. The application is sufficiently particular. It provides that Crowe is a high school student who is not employed and lives with his dad. Crowe receives no other income from any source, does not own any significant assets, and has no cash on hand. The Court is satisfied that Crowe cannot afford the filing fee and thus grants his application.

## III. SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or

(3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Crotts v. Cnty. of Los Angeles*, 990 F.2d 1256, *1 (9th Cir. 1993) (unpublished table opinion) ("In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed.") (citing *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83) (9th Cir. 1991) (per curiam). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Crowe requests monetary relief under 42 U.S.C. § 1983 for an alleged violation of his tribal hunting rights as a member of the Nez Perce tribe. (Dkt. 2 at pp. 4, 5). Crowe names the Idaho Department of Fish and Game, Aaron Wright, and J. Jones as Defendants in the Complaint. (Dkt. 2 at p. 2). Crowe alleges that both officers withheld his hunting rights after they confiscated the elk that Crowe was harvesting to feed his family and cited him for hunting without a license (Idaho Code § 36-401) and hunting without a tag (Idaho Code § 36-409(c)). (Dkt. 2 at pp. 4, 6). Additionally, Crowe alleges that his lights and ammunition were taken from him. (Dkt. 2 at p. 4). Crowe requests a total of $52 million in relief in which $2 million is paid to Crowe personally and the remaining paid to the Nez Perce tribe "for the deprivation of [his] treaty and constitutional rights[.]" (*Id.*). He also requests compensation for his dad's loss of wages, two lights,

miscellaneous ammunition, and the confiscated elk. (*Id.*). The Court finds that Crowe's Complaint is sufficient to support his claims.

To state a plausible claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

As an initial matter, Crowe must have standing to bring a § 1983 claim. Although not specifically detailing a constitutionally protected right in his Complaint, Crowe alleges generally that his constitutional rights were violated when the officers unlawfully cited him for hunting elk. (Dkt. 2 at pp. 4, 6). A deprivation of a constitutional right is a cognizable claim under § 1983. *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 175 (2023). Moreover, there is sufficient support within the Ninth Circuit that a § 1983 claim can be brought for violating rights protected by an Indian treaty. *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 n.5 (9th Cir. 1991). In *Romero*, the plaintiffs were members of the Suquamish Indian Tribe who had been either cited or arrested on multiple occasions for gathering shellfish. *Id.* at 626. In a footnote, the Court explained that "under specified circumstances, claims for deprivations of treaty-based rights[]" are cognizable under § 1983. *Romero*, 931 F.2d at 627 n.5 (citing *Hoopa Valley Tribe v. Nevins*, 881 F.2d 657, 661-63 (9th Cir. 1989)). The court in *Romero* held that qualified immunity applied to the officers sued in the lawsuit but did not preclude the claim on standing grounds. *Id.* at 627-31.

Here, Crowe was cited for a state law violation of unlawful hunting without a license and tag, like the claims in *Romero*. Therefore, Crowe has standing under § 1983. *See also Confederated Tribes of Colville Reservation v. Anderson*, 903 F. Supp. 2d 1187, 1193 (E.D. Wash. 2011) (finding

that the plaintiff "has standing to bring his § 1983 claim based on the alleged unlawful state citation and conviction in violation of the federally-secured treaty hunting right").

Crowe names two officers and the Idaho Department of Fish and Game as Defendants. The Idaho Department of Fish and Game is not a proper Defendant because it is not a "person" under § 1983. "States or governmental entities that are considered arms of the State for Eleventh Amendment purposes are not 'persons' under § 1983." *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997)) (internal quotations and citations omitted). The Ninth Circuit uses a three-factor test for determining whether an entity is an arm of the state: "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury." *Kohn v. State Bar of California*, 87 F.4th 1021, 1030 (9th Cir. 2023) (quoting *P.R. Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 873 (D.C. Cir. 2008)).

The Idaho Department of Fish and Game is "an executive department of the state government." Idaho Code § 36-101. The department's duties include "administer[ing] and carry[ing] out the policy of the state[.]" Idaho Code § 36-103. And money is appropriated from the state treasury by the Idaho State Treasurer. Idaho Code § 36-107. Thus, the Idaho State Department of Fish and Game is an arm of the state, and the Eleventh Amendment is an absolute bar to a § 1983 claim. Accordingly, the claims against the Idaho Department of Fish and Game are dismissed.

The remaining Defendants listed, officers Aaron Wright and J. Jones, were not specifically identified as being sued in their personal capacities or official capacities. (Dkt. 2 at pp. 2-4). Crowe

does however request monetary relief. (Dkt. 2 at p. 4). Importantly, a plaintiff may only seek damages against officials in their personal capacities. *Cornel*, 37 F.4th at 531. In the Ninth Circuit, "when a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (citing *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)). Therefore, the Court will construe the officers as being sued in their personal capacities.

After careful review of Crowe's Complaint, the Court finds that there is a plausible claim for relief against officers Aaron Wright and J. Jones. The relevant portion of the 1855 treaty with the Nez Perce provides:

> The exclusive right of taking fish in all the streams where running through or bordering said reservation is further secured to said Indians; as also the right of taking fish at all usual and accustomed places in common with citizens of the Territory; and of erecting temporary buildings for curing, together with the *privilege of hunting*, gathering roots and berries, and pasturing their horses and cattle upon *open and unclaimed land*.

Treaty Between United States and Nez Perce Indians, June 11, 1855, 121 Stat. 957, art. III (emphasis added). As a general rule, the terms of a treaty "are construed as they would naturally be understood by the Indians . . . [and] [a]ny ambiguities must be resolved in favor of the Indians." *Northwestern Band of the Shoshone Nation v. Wooten*, 83 F.4th 1205, 1210 (9th Cir. 2023) (citations and quotations omitted).

In multiple cases, the Idaho Supreme Court has considered Indian hunting rights given by treaties on "open and unclaimed land." In *State v. Arthur*, the Idaho Supreme Court analyzed the hunting rights of the Nez Perce secured by the 1855 treaty. *Arthur*, 261 P.2d 135 (Idaho 1953). The defendant was a member of the Nez Perce tribe and was charged with killing a deer outside

of the reservation while on national forest land. *Id.* at 254. The court held that the Nez Perce tribal members have a right to hunt on national forest land, which is open and unclaimed, even though it does not fall on the reservation. *Id.* at 265. In *State v. Coffee*, the Idaho Supreme Court upheld the conviction of a member of the Kootenai Indian Tribe who killed a deer on private property after analyzing similar language in a different treaty. 556 P.2d 1185, 1186-87 (Idaho 1976). The court held that "[l]and which is privately owned is not open and unclaimed." *Id.* at 1194; *see also State v. Simpson*, 54 P.3d 456, 458 (Idaho Ct. App. 2002) (holding that the defendant "killed the elk on private land; therefore, he was not on open and unclaimed land subject to tribal hunting rights."). While not binding authority on this Court, the persuasive analysis by the Idaho Supreme Court provides that in addition to hunting rights on the reservation, the Nez Perce tribal members can also hunt on national forest land, but not on private, or "settled" land.

Crowe argues that he has a right to hunt elk and the officers could not enforce Idaho law prohibiting unlawful hunting without a license and tag. (Dkt. 2 at p. 4). The citation attached to the Complaint describes the location where the officers cited him which is "1336 Kidder Ridge Rd." in Idaho County. (*Id.* at p. 6). This address is close to the Nez Perce Reservation, where Crowe would have a right to hunt, and appears to be surrounded by the Nez Perce National Forest. Construing Crowe's complaint liberally, he has alleged that he was unconstitutionally cited for hunting without a license or tag when no such license or tag was required. Thus, Crowe's factual allegations appear sufficient to support his claims on this initial review.

### IV.   CONCLUSION

The Court finds that Crowe has provided sufficient information detailing why he is unable to pay a filing fee and accordingly grants his In Forma Pauperis Application. Additionally, the

Court finds that Crowe's factual allegations in his Complaint are sufficient to support his claims on initial review, and his Complaint may be served upon officers Aaron Wright and J. Jones and proceed.

## V.   ORDER

**IT IS ORDERED that:**

1. Crowe's In Forma Pauperis Application (Dkt. 1) is **GRANTED**.

2. Crowe may proceed with service of his Complaint upon Defendants Aaron Wright and J. Jones in accordance with applicable procedures.

3. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: December 18, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge